# IN THE UNITED STATES DISCTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **WANDA MARIE DAVIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CASE NO.:** |
| ) | **Madison County CV-2021-901512.00** |
| ) | |
| **KROGER LIMITED PARTNERSHIP I;** ) | |
| **THE KROGER CO.** ) | |
| ) | |
| **Defendants.** ) | |

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, NORTHEASTERN DIVISION:**

Defendants, Kroger Limited Partnership I and The Kroger Co. (hereinafter collectively referred to as "Kroger" or "Defendants"), respectfully remove this action from the Circuit Court of Madison County, Alabama to the United States District Court for the Northern District of Alabama, Northeastern Division, under 28 U.S.C. §§ 1441 and 1446(b)(3).

The Notice of Removal of the Defendants, Defendants respectfully show:

1.     On December 15, 2021, a personal injury action was filed against the Defendants in the Circuit Court of Madison County, Alabama, titled *Wanda Marie Davis v. Kroger Limited Partnership I, The Kroger Co., et. al,* Civil Action No. CV- 2021-901512.00.   Exhibit A, Complaint.

2.     The action is a civil action for damages arising out of injuries allegedly sustained while on the Defendants premises.   The United States District Court for the Northern District of Alabama has jurisdiction under the provision of Title 28, United States Code, §1332, and is one which may be removed to this Court by Kroger Limited Partnership I and The Kroger Co. pursuant

1

to the provisions of Title 28, United States Code, §1441, as amended. There is a diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

3. There is diversity of the parties. The Plaintiff is a citizen of Alabama. Exhibit A, ¶ 1. Defendant The Kroger Co., is a foreign corporation organized and existing under the laws of the state of Ohio, with its principal place of business in Cincinnati, Ohio. Exhibit A, ¶ 3. Defendant Kroger Limited Partnership I is a limited partnership organized and headquartered in Ohio, with its primary place of business in Ohio. Exhibit A, ¶ 2. The citizenship of a limited partnership for purposes of diversity jurisdiction is the citizenship of its members. *Underwriters at Lloyd's, London v. Osting-Schwinn,* 613 F. 3d 1079, 1086 (11th Cir. 2010). Kroger Limited Partnership I is comprised of two partners. The Kroger Co. is the limited partner of Kroger Limited Partnership I, and is incorporated under the laws of Ohio with its principal place of business in Ohio. KRPG, Inc. is the general partner of Kroger Limited Partnership I, and is incorporated under the laws of Ohio with its principal place of business in Ohio. Exhibit C, Answer, ¶ 2. Therefore, Kroger Limited Partnership I is not a citizen of Alabama. The only summons issued in this case was issued to Defendants Kroger Limited Partnership I and The Kroger Co. This suit is between citizens of different states as required by 28 U.S.C. § 1332(a).

4. Plaintiff seeks compensatory damages from Defendants for physical injury resulting from alleged negligence. In her Complaint, Plaintiff alleges that she has suffered physical injuries to her person, which required her to undergo a surgical procedure under anesthesia. Plaintiff further alleges that she incurred and continues to incur medical expenses. She also claims that she has been caused to suffer permanent impairment and disfigurement, physical pain and suffering, loss of enjoyment of life, loss of quality of life, emotional distress,

and mental anguish.    Plaintiff also alleges she has incurred lost wages as a result of the injuries. *See* Exhibit A.

      5.     Plaintiff also seeks punitive damages from Defendants.   *See* Exhibit A.

      6.     The amount in controversy in this case exceeds the jurisdictional minimum for diversity jurisdiction.   While the Plaintiff's Complaint is silent as to amount in controversy, the Plaintiff made a presuit settlement demand.    Plaintiff's settlement demand letter contains a settlement demand of $351,017.76.   (*See* Exhibit D, Settlement Demand Letter[1]).    Therefore, this is an "other paper" removal made pursuant to 28 U.S.C. § 1446(c)(3).

When the plaintiff's Complaint contains an unspecified demand for damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $75,000.00 for removals based on diversity jurisdiction.   *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002).   Under 28 U.S.C. § 1446(b), in assessing the propriety of removal, the court considers the documents received by the defendant from the plaintiff, including a settlement demand.   *McKeel v. Hodum Trucking, LLC*, 2012 U.S. Dist. LEXIS 93781, *6-7 (S.D. Ala. June 18, 2012).   A settlement letter is admissible evidence of the amount in controversy at the time of removal. *McCullough v. Plum Creek Timberlands, L.P.*, 2010 U.S. Dist. LEXIS 23, *12, *citing Bankhead v. Am. Suzuki Motor Corp.,* 529 F.Supp.2d 1329, 1333 (M.D. Ala 2008); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). Settlement offers "count for something" in determining whether a plaintiff's claim exceeds the jurisdictional requirement of $75,000, exclusive of interest and cost.

---

[1] Exhibit D is the redacted version of Plaintiff's pre-suit settlement demand. Exhibit D, as filed with this Notice of Removal has been redacted to remove certain personal identifiers.

Burns, 31 F.3d at 1097 (11th Cir. 1994). This Court has held that a settlement demand is actually relevant evidence of the amount in controversy if it includes specific information to reflect a reasonable estimate of the plaintiff's claim. *Jones Welding Co. v. Paceco Corp.*, 2013 U.S. Dist. LEXIS 99528 (S.D. Ala. June 28, 2013); *See also*, *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (citation omitted). "[S]ettlement offers that provide 'specific information . . . to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight." *Benandi v. Mediacom Southeast, LLC*, 2011 U.S. Dist. LEXIS 125084, 2011 WL 5077403. *2 (S.D. Ala. Sept. 30, 2011) *citing Golden Apple Mgmt. Co. v. Geac Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998).

District Courts are permitted to use common sense and judicial experience in determining whether the amount in controversy is satisfied. *See Roe v. Michelin N. Am. Inc.*, 613 F. 3d 1058, 1061-62 (11th Cir. 2010). Viewed as a whole, the evidence shows that it is more likely than not that the amount in controversy in this matter exceeds $75,000.00.

The settlement demand letter contains specific information and analysis, reflecting a reasonable estimate of the value of the claim. Plaintiff demanded $351,017.76 in the settlement demand letter. Exhibit D. In support of the settlement demand, Plaintiff provided a copy of all medical records and bills in their position, which document the Plaintiff's claim. Exhibit D.

The demand letter makes it clear that the submitted medical records and bills were considered by Plaintiff's counsel evaluating the claim as having a value in excess of $75,000, and were offered to Kroger in support of Plaintiff's settlement demand. Exhibit D. The demand letter also includes a recitation of factual damages allegations considered as a predicate for the

demand, including: that Plaintiff was initially evaluated at American Family Care, she was given a boot and referred to an orthopedic surgeon.  Exhibit D.  An MRI subsequently revealed that her big toe had inadequate blood supply and required surgical repair.  Exhibit D.  She had surgery and remained out of work from the date of the incident until July.  Exhibit D.  At the time of the settlement demand, Plaintiff represented that her total special damages were $1,017.76.  Exhibit D.  She supplemented the totals with bills from the Surgery Center totaling $2,070.00 and SportsMed totaling $5,243.00.  Exhibit D.

The amount of medicals incurred, as represented in the settlement demand letter, is simply the incurred medical expenses as of the date of the letter, and does not consider items of damage claimed in the Complaint.  Specifically the demand letter's itemized medical expenses do not include all categories of damages sought in the Complaint including lost wages, an item of damages Plaintiff specifically lists in her Complaint as related.  In her Complaint, Plaintiff also claims that she continues to incur medical expenses.  Exhibit A, ¶ 7(c).

Lastly, in the *ad damnum* clause, Plaintiff demands judgment against Kroger for a sum in which the jury deems fair and just, including punitive damages.  *See* Exhibit A.  Plaintiff did not cap her claimed damages in the Complaint and has not stipulated in a sworn affidavit that she will not seek and will not accept a sum greater than $75,000.00 upon the award of a jury following trial.

"A district court does not have to 'suspend reality or shelve common sense' in determining whether the jurisdictional burden has been met."  *Townsend v. Win-Holt Equip. Corp.*, 2018 US Dist. LEXIS 163976, *7 (M.D. Ala. Sept. 25, 2018) *quoting Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)(Thompson, J.)(*quoted with approval* in *Pretka v. Kolter City*

*Plaza II, Inc.,* 608 F.3d 744, 770). "The overall point in this analysis is that a 'removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainly about it." *McAlpine v. Home Depot U.S.A*., 2015 U.S. Dist LEXIS 61854, *8 (N.D. Ala. May 12, 2005)(citing *Jones v. Novartis Pharmaceuticals Co.*, 952 F. Supp. 2d 1277, 1283 (N.D. Ala. 2013) and *citing Pretka*, 608 F. 3d at 754. Here, the nature and extent of plaintiff's injuries, the type of damages claimed, and plaintiff's representation that the value of this case is in excess of $75,000.00 when considered together show that the required jurisdictional amount in controversy is satisfied and that removal is proper.

7. Removal is timely. Service was made upon this Defendant on December 20, 2021. (Exhibit B, Record of Service). Under 28 U.S.C. § 1446(b)(1), a defendant may file a notice of removal within thirty (30) days of service of the initial pleading. This Notice of Removal is timely filed as it is filed within thirty (30) days of Defendants receiving service of the initial pleading. 28 U.S.C. §1446(b).

8. Copies of all pleadings and orders from the State Court matter are attached to this notice as Exhibit E.

9. Contemporaneously with the filing of this Notice of Removal, Defendants have filed a copy of this document with the Circuit Court of Madison County, Alabama. (Exhibit F, Notice of Removal filed with Circuit Court of Madison County).

**WHEREFORE**, Defendants pray that the above action now pending against it in the Circuit Court of Madison County, Alabama be removed therefrom to this Court.

*/s/ Caroline T. Pryor*
CAROLINE T. PRYOR (PRYOC 2802)
KATHERINE E. CARR (LEW062)
Attorneys for Defendants
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
Telephone:   (251) 626-9340
Fax: (251) 626-8928
E-mail:       cpryor@carrallison.com
              kbcarr@carrallison.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 18th day of January, 2022, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and that I hereby certify that I have mailed by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to those non-CM/ECF participants:

Douglas J. Fees
The Cochran Firm Huntsville, P.C.
401-403 Madison Street
P.O. Box 508
Huntsville, AL 35804-0508

A copy of the foregoing has been placed in the United States mail, first class postage paid and properly addressed to the following:

Alabama Attorney General
11 South Union Street
Montgomery, Alabama 36130

*/s/ Caroline T. Pryor*
OF COUNSEL